COWIN v COWIN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 18379. Decided Dec. 1, 1941.

Frost & Bradley, Cleveland, for plaintiff-appellant.

Harrison & Marshman, Cleveland, for defendant-appellee.

## OPINION

By MORGAN, J.

On May 1, 1932, the plaintiff filed in the court of common pleas of this county a petition praying for a divorce and the custody and support of two minor children of the parties. On February 10, 1933, the plaintiff was granted a divorce and the sole custody of the two minor children. In the decree the defendant was ordered to pay the plaintiff $30.00 each month for alimony and for the support of the minor children "until further order of the court."

On December 23, 1936, the matter of the custody and support of the minor children was certified to the juvenile court of the county, under §8034-1 GC. The journal entry certifying this matter to the juvenile court, is as follows:

"This cause came on to be heard on the motion of the plaintiff herein, praying for an order certifying the matter of future custody of two minor children of these parties, Charles and Jean Cowin, to the juvenile court of this county, and the court being fully advised in the premises, find that on February 10, 1933, a decree of divorce was granted by the court in this case; that custody of the minor children was ordered to the plaintiff herein; that an order of Thirty Dollars ($30.00) per month was made for the support of said children; that there is due and unpaid in

this court approximately Twelve Hundred Dollars ($1200.00); and the court grants said motion of plaintiff and makes the following order:

The matter of future custody and support of said minor children of these parties is hereby certified to the juvenile court of Cuyahoga County, Ohio, for further proceedings in accordance with §8034-1 GC."

Thereafter, the juvenile court, upon hearing, reduced the payments to be made by the defendant from $30.00 to $20.00 per month, and such monthly payments were thereafter made to the juvenile court.

On February 27, 1941, after the payments under the order of the juvenile court had ceased, the plaintiff filed her motion in the divorce action in the common pleas court stating that during the period from February 15, 1933 when the order was made, to December 23, 1936, when the matter was certified to the juvenile court, the defendant was delinquent in his monthly installments in the amount of $1233.00, and the plaintiff moved the court "for an order of modification for a lump sum judgment in said amount, upon which execution may issue."

The motion came on for hearing before His Honor, Judge McNamee of the Common Pleas Court, and on April 9, 1941, he dismissed plaintiff's motion to reduce the delinquent installments to judgment, for want of jurisdiction, from which entry the plaintiff appeals.

Sec. 8034-1 GC, was passed in April, 1923 (110 O. L. 127). The section was amended in February, 1938, and now reads as follows:

"Sec. 8034-1: In any case where a common pleas court, or a court having jurisdiction has made an award of the custody or an order

for support, or both, of a minor child, or children, such court may certify the same to the juvenile court of any county in this state, for further proceedings thereunder according to law, and thereupon the jurisdiction of the common pleas court * * * * shall cease."

Sec. 1642-1 GC, was also passed in 1923 as a part of the same bill. Sec. 1642-1 GC was also amended in 1937, and is now codified as §1639-16 GC. It provides that on the certification of the support and custody of a minor child to the juvenile court "after such certification is made and consent obtained, the court shall proceed as if such action was originally begun in said court."

If this matter were controlled by §8034-1 GC and §1639-16 GC, as they now read, clearly the common pleas court would not retain any jurisdiction over the order made by it for the support of a minor child after the certification of the matter to the juvenile court. Apter language to divest the common pleas court of every shred of its jurisdiction can hardly be imagined than the language contained in the two sections which provide that after certification the jurisdiction of the common pleas court shall cease and the juvenile court shall proceed as if the action had originally been begun in that court.

The only element of doubt in this case is introduced by the fact that the certification to the juvenile court was made while the original act as passed in 1923 was in force. Prior to 1937, §8034-1 GC provided that on such a certification to the juvenile court "the jurisdiction of the common pleas court or probate court in such case, as to the custody and support of such minor child or children, shall

cease." And §1642-1 GC, prior to 1937, provided that on such a certification "the juvenile court shall have jurisdiction to proceed therein as in original cases."

Counsel for plaintiff contends that under §8034-1 GC, as it existed at the time of the certification in this case, the jurisdiction of the common pleas court ceased only as to future support and custody of the minor children.

Plaintiff's position in this matter receives some support from the entry of the court made on December 23, 1936, certifying the matter to the juvenile court. It is in these words:

"The matter of future custody and support of said minor children of these parties is hereby certified to the juvenile court * * *."

We deem it clear, however, that the jurisdiction question in this case is to be determined by §8034-1 GC as it was on December 23, 1936, the date of the certification, and not upon the court's interpretation of the section, as shown by its entry of that date.

It is our opinion that said 1937 amendments to the Code were made for purposes of clarification of the sections, and did not substantially change their meaning. While the journal entry of the common pleas court certified "future custody and support of said minor children" to the juvenile court, it is to be noted that the word "future" was not contained in §8034-1 GC at any time.

That the certification of the custody and support of the minor children to the juvenile court in this case carried with it the original order made by the common pleas court on Feb. 10, 1933, is evident from the preceding words in §8034-1 GC. This part of the section was not amended in 1937, and from the beginning provided and

still provides that "in any case where a common pleas court * * * * has made an award of the custody, or an order for support, or both, of a minor child, or children, such court may certify the same to the juvenile court * * * *."

By these words, in §8034-1 GC, it is provided that not only is the custody of a minor child certified to the juvenile court, but also that "the order for support" previously made by the common pleas court, is also certified. This carries with it every matter relating to the custody and support of the minor children from and including the original order of the common pleas court made on February 10, 1933. It follows that the common pleas court retains no jurisdiction to entertain a motion such as filed by the plaintiff in this case, which is based on an order over which the common pleas court, by the words of the statute, has lost jurisdiction.

If it were the law that after certification of the matter to the juvenile court the jurisdiction as to the order for custody and support would be split between two courts, we would have this situation: Two courts would have the right to cite the defendant for contempt for failure to support the same minor child. A conflict might arise over the question whether defendant should first be required to pay up his arrearages or to pay the installments for support as they become due. It clearly is not in the interest of the child that jurisdiction should be so divided between the two courts. As the General Assembly in enacting the legislation presumably had in mind the interests of minor children, so this court should not be forgetful of their best interests in interpreting the legislation so enacted.

It is no hardship to require a person in the position of the plaintiff in this case to file her application to reduce the arrearages on a support order to judgment before the matter is certified to the juvenile court. The amount of the arrearages is then known. In the order of certification in this case it is stated that "there is due and unpaid in this court approximately Twelve Hundred Dollars ($1200.00)," but the arrearages were not reduced to judgment and no application therefor was made by the plaintiff. The certification to the juvenile court was made on the initiative of the plaintiff, and if she wished to have the unpaid installments reduced to judgment she should have filed her motion therefor before certification.

In affirming Judge McNamee in this case we are also following the decision of Judge Merrick of the Common Pleas Court of this county, in the case of **Baumgarten v Baumgarten, 14 OO 490.**

The judgment of the court of common pleas is therefore affirmed. Exceptions.

LIEGHLEY, PJ., SKEEL, J., concur.